UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-136 |
| | ) | (Phillips / Shirley) |
| DWIGHT BRIGHT, and | ) | |
| JAMES O'DELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This matter came before the Court on March 28, 2007, for a status conference and arraignment on a superseding indictment. Present for the government was Assistant United States Attorney Brownlow Marsh. Dwight Bright was present in the courtroom along with his attorney Stephen Burroughs. Present on behalf of the defendant James O'Dell was attorney Jonathan Wood. James O'Dell was not present in the courtroom and Mr. Wood reported to the Court that his client's whereabouts are unknown. The Court proceeded with Mr. Bright's arraignment on the First Superseding Indictment.

The Superseding Indictment expanded the time period of the alleged drug conspiracy from that alleged in the original indictment (2003 through December, 2004) to a period from "in or about the year 1999" through November 30, 2006. [Doc. 3] and [Doc. 119], respectively. The

1

original indictment charged seven people in the conspiracy. The superseding indictment includes only two of the original seven: Mr. Bright and Mr. O'Dell.

Attorney Burroughs reported to the Court that he had reviewed a copy of the superseding indictment with Mr. Bright at the Blount County Detention Center before today's proceedings and, further, that this indictment had been anticipated by he and his client. The Court observed the noted differences and AUSA Marsh confirmed that no other changes to the charging document had been made. Mr. Bright indicated that he was aware of the nature of these changes and had discussed them with his attorney. Defendant Dwight Bright then entered a plea of not guilty to the First Superseding Indictment.

The Court inquired of attorney Jonathan Wood as to the whereabouts of his client, James O'Dell. Mr. Wood told the Court that his last contact with Mr. O'Dell had been via telephone before the First Superseding Indictment was filed on March 21, 2007. Mr. Wood indicated that he had made efforts to locate Mr. O'Dell, but had not been able to do so. Mr. Wood has telephoned Mr. O'Dell's home, his family members, and the family of his girlfriend without success. Mr. Wood told the Court that the information available from these sources led him to believe Mr. O'Dell remains in the Eastern District of Tennessee, as all his family and friends are within nearby counties. Attorney Wood then made an oral motion to continue the trial date on behalf of defendant O'Dell. Mr. Wood indicated that he would need additional time to prepare for the trial on the superseding indictment even if Mr. O'Dell returned prior to the commencement of trial on April 2, 2007.

The United States joined in attorney Wood's oral motion to continue the trial. The government indicated that the proof at the trial of Mr. O'Dell would be "the same" as the proof at the trial of defendant Bright and expressed a preference to try these facts only once. AUSA Marsh told the Court that the prosecution had not decided how it intends to proceed should defendant O'Dell remain at large on the impending trial date of April 2, 2007. The government joined Mr. Wood's reasoning that defendant O'Dell would likely be found in a nearby county within a relatively short period of time. AUSA Marsh suggested a trial continuance of 30 days.

Defendant Bright strenuously objected to a continuance of the trial in his case. Mr. Bright remains in custody pending his April 2, 2007, trial date, pursuant to this Court's Order of Detention entered December 13, 2006. [Doc. 81]. Defendant Bright assiduously asserted his right to a Speedy Trial, and argued that the ends of justice would not be served by granting the continuance because Mr. O'Dell has fled. See 18 U.S.C. § 3161. Mr. Bright argued that he would be awaiting trial in custody for an indeterminate period of time, waiting for Mr. O'Dell to return. Attorney Burroughs argued that this would not be fair to his client, who is ready to go to trial as scheduled. Attorney Burroughs cited examples of persons at large for extended periods of time, despite the suspicion of authorities that the absconder might be found within the confines of the Eastern District of Tennessee.

The Court inquired as to the status of trial preparation. Attorney Burroughs stated that he and his client are prepared to go to trial on April 2, 2007, and that they look forward to the chance to meet the government's charges at the soonest opportunity. AUSA Marsh told the Court that the United States is ready to proceed to trial on the First Superseding Indictment on April 2, 2007, with the caveat that one government witness has not arrived into local custody pursuant to a

Writ of Habeas Corpus ad Prosequendum. AUSA Marsh reported that the Writ was filed about two months ago. The government has provided Jencks Act and other materials to defendants Bright and O'Dell pursuant to an agreement reached between the parties and this Court's oral ruling on February 9, 2007.

The Court finds no good reason to deny defendant Bright of his right to a Speedy trial and need to remain in pretrial detention solely because his co-defendant has fled and is not available for trial. Mr. Bright has not contributed to delay in this case and wishes to go forward and his attorney is fully prepared for the trial. It does not appear that the government will be prejudiced. AUSA Marsh asserted the government will not be trying defendant O'Dell in absentia. The oral motion to continue is **DENIED**.

Because Honorable Thomas W. Phillips, the United States District Judge who will preside over this trial, was not available for an appeal of this Court's Order, all parties should be present at 8:30 a.m. on April 2, 2007, for a Pre-Trial Conference. The purpose of this conference shall be for the government to advise Judge Phillips and the defendants how it intends to proceed with the trial; to afford Judge Phillips the opportunity to advise the parties as to how the trial will be conducted in Mr. O'Dell's absence; and for further proceedings on any further motion to continue, should Judge Phillips deem it appropriate.

This Court grants leave to the parties to file any written motion to continue before the end of the business day, 5:00 p.m., Thursday, March 29, 2007. Written response to any motion to continue may be filed by defendant before the end of the business day, 5:00 p.m., Friday, March 30, 2007. Parties are advised to take note that despite the availability of electronic filing, filings

pursuant to this Order that are filed after 5:00 p.m. will <u>not</u> be considered timely, in light of the circumstances of the request for continuance.

      **IT IS SO ORDERED.**

                                ENTER:

                                <u>   s/ C. Clifford Shirley, Jr.   </u>
                                United States Magistrate Judge