UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-136 |
| | ) | (Phillips / Shirley) |
| | ) | |
| DWIGHT BRIGHT; | ) | |
| ROBERT HICKMAN; | ) | |
| PAULINE JOHNSON; | ) | |
| TIMOTHY LOVEDAY; | ) | |
| CHRISTOPHER FORESTER; | ) | |
| JAMES O'DELL; | ) | |
| and ROGER MILLS, | ) | |
| aka "ROD" MILLS | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate.

### I: MOTIONS AND PROCEDURAL HISTORY

This matter came before the Court on the following pre-trial motions:

(1) Motion For Bill Of Particulars [Doc. 27] and Memorandum in Support [Doc. 28];

(2) Motion to Sever Defendant [Doc. 29] and Memorandum in Support [Doc. 30];

(3) Motion for Disclosure of Impeaching Information [Doc. 31];

1

(4) Motion for Disclosure of Material Witnesses [Doc. 32];

(5) Motion for Early Production of Jencks / Rule 26.2 Statements [Doc. 33];

(6) Motion For Disclosure of Grand Jury Transcripts [Doc. 34];

(7) Motion For Rule 12(b)(4)(B) Disclosure [Doc. 35];

(9) Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 36];

(10) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 37];

(11) Motion For Leave to File Further Motions [Doc. 38];

(12) Motion to Adopt [Doc. 84]; with Memorandum in Support [Doc. 85];

(13) Motion to Exclude Evidence [Doc. 86];

(14) Motion to Adopt [Doc. 95];

(15) Motion for Bill of Particulars [Doc. 96];

(16) Motion for Hearing to Determine Existence of Conspiracy [Doc. 97]; and Memorandum in Support [Doc. 98];

and

(17) Motion to Adopt [Doc. 99].

A hearing was held on these motions on February 9, 2007. Assistant United States Attorney Brownlow Marsh was present representing the government. Attorney Stephen Burroughs was present, along with his client Dwight Bright. Attorney Christopher Oldham was present with his client Robert Hickman. Attorney Dennis Francis was present, along with his client Timothy Loveday. Attorney Charles Weber was present in the courtroom gallery, but did not participate in the proceedings; his client Christopher Forester was not present. Defendant Roger Mills was present, but his attorney Michael McGovern was not, having been reportedly detained in another

state. The Court advised Mr. Mills that his attorney would not be present for the hearing and that Mr. Mills would not be required to speak at the hearing in absence of counsel. The Court advised Mr. Mills of his right to remain silent. Mr. Mills indicated that he understood and he remained silent at counsel table, but was present throughout the proceedings. Defendant Pauline Johnson and her attorney, Aubrey Davis, were not present. The Court heard argument in each of the 17 motions listed above. The Court ruled on all pending motions at the hearing, with written Order to follow. This Memorandum and Order will address all motions pending at the time of the hearing.

The government did not oppose the three motions made to adopt pleadings of co-defendants. Motion to Adopt **[Doc. 84]**; with Memorandum in Support [Doc. 85]; Motion to Adopt **[Doc. 95]**; and Motion to Adopt **[Doc. 99]** are **GRANTED**. Argument for several other motions was intertwined in fundamental ways. Due to the nature of the argument at the hearing, the Court will address the motions as they were grouped together by the nature of the argument and treatment by the parties.

## II: ANALYSIS

The Court will endeavor to address the defendants' motions largely in the order that the parties elected to present their arguments at the motion hearing.

### 1. MOTIONS FOR DISCLOSURE OF INFORMATION

The Court first addressed defendant James O'Dell's motion asking that the Court to direct the government to file a Bill of Particulars [Doc. 27] and [Doc. 28]. This Motion was adopted by Roger Mills [Doc. 95]. Defendant O'Dell argued that this indictment is unduly vague as to dates, times and places, and sets forth insufficient facts to permit him to properly prepare his

defense. Counsel for Mr. O'Dell explained that this defendant is charged in a conspiracy spanning two years, with six other persons, but information provided by the government in discovery was void of information about the conspiracy and indicated only a single criminal act by Mr. O'Dell in August 2004. Mr. O'Dell asserted that the single criminal act did not involve any of the co-defendants in this indictment. Mr. O'Dell argued that, given the discovery that has been provided, he cannot prepare to meet the government's case at trial. Mr. O'Dell argued that, given the circumstances of this case, his request for information pursuant to a Bill of Particulars is inter-related to other motions. Specifically, attorney Wood drew the Court's attention to the following motions requesting remedies of disclosure: Motion for Disclosure of Material Witnesses [Doc. 32]; Motion for Early Production of Jencks / Rule 26.2 Statements [Doc. 33]; Motion For Rule 12(b)(4)(B) Disclosure [Doc. 35]; Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 36]; Motion for Disclosure of Impeaching Information [Doc. 31]; and Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 37]. Mr. Wood explained that each of these motions seeks a remedy for the singular lack of information available to the defendants about the government's case. Mr. Wood argued that Due Process of law and Fundamental Fairness , as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, require that a criminal defendant be aware of the nature of the charge against him and be afforded a fair opportunity to meet the government's case-in-chief. Mr. Wood asserted to the Court that he cannot effectively defend his client given the nature of the discovery materials in light of the breadth and scope of the indictment.

The government argued that the indictment has provided adequate notice as to the charges. AUSA Marsh further argued that all discovery materials in the possession of the

4

government have been provided to defense counsel. AUSA Marsh explained that his case at trial will be almost exclusively testimonial. AUSA Marsh reported that there are no videotape or audiotape recordings in this case. AUSA Marsh argued that the government is not required to produce any material beyond that which has already been provided, as any further information is subject to the Jencks Act. AUSA Marsh argued that before the hearing he had informally disclosed to defense counsel who the prosecution witnesses will be at trial, but that Jencks material would be provided, "in due time following local custom and office policies." The government argued that the indictment was adequate because the defendants are made aware of the charge, the time period and the location of the conspiracy.

Counsel for Dwight Bright, Stephen Burroughs, argued that his client was similarly situated as Mr. O'Dell, being charged with a conspiracy over a two year period with no activity alleged for one year before his arrest. Mr. Bright argues that not caselaw or procedural rules, but rather the United States Constitution is the highest law that applies to these requests for information. Mr. Bright joined argument made on behalf of Mr. O'Dell, adding that he has been provided some black and white photographs, none of which depict Mr. Bright or his property. Attorney Burroughs argues that his client has absolutely no idea of the dates and times of any events that will be presented by the government at trial. Mr. Bright has no ability to investigate an alibi defense or look for documentation that may refute the government's witnesses. Attorney Burroughs argued that this Court has broad discretion and given the facts specific to this case should exercise its authority to provide a remedy. Attorney Burroughs asserted that he does not have enough information to provide effective assistance of counsel to Mr. Bright, and that no lawyer could possibly prepare a case under the circumstances afforded to Mr. Bright. Attorney Burroughs

5

reported to the Court that he has never asked for a Bill of Particulars in this Court, but here the extreme paucity of information about the charge has necessitated his request.

Mr. Francis, on behalf of defendant Timothy Loveday, joined the argument of co-counsel Mr. Wood and Mr. Burroughs. Mr. Francis objected to the policy of the United States Attorney's Office dictating the release of fundamental information about the charges facing his client. Mr. Francis asserted that no lawyer could defend a client with the information available to his client.

The government reiterated its position that it was required to disclose no additional information, and, furthermore there was very little information available to disclose. Given the specific facts of this case and considering argument of defense counsel, AUSA Marsh agreed to provide Jencks Act material to all defendants no later than March 14, 2007, approximately two weeks before trial. All parties represented by counsel in the courtroom agreed that this offer was a reasonable compromise to the requests contained in Motion for Bill of Particulars [Doc. 27]; Motion for Disclosure of Material Witnesses [Doc. 32]; Motion for Early Production of Jencks / Rule 26.2 Statements [Doc. 33]; Motion For Rule 12(b)(4)(B) Disclosure [Doc. 35]; Motion for Bill of Particulars [Doc. 96]. The Court strongly urged the government to comply with the agreement reached, but declined to impose a deadline.

Attorney Burroughs argued that while the compromise reached as to Jencks material served to remedy some issues as to a fair trial and competent defense, it is distinct from the government's duty to disclose information subject to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The government acknowledged its continuing, affirmative duty to discover these categories of information. AUSA Marsh agreed to provide any

material subject to Brady and Giglio no later than March, 14, 2007, approximately two weeks before trial. Defense counsel agreed that this was an acceptable compromise to the requests.

Given the compromise reached at the hearing as to the timing and disclosure of information, the Court finds that the following motions are moot and they are **DENIED**:

    A.    Motion for Bill of Particulars **[Doc. 27]**;

    B.    Motion for Disclosure of Material Witnesses **[Doc. 32]**;

    C.    Motion for Early Production of Jencks / Rule 26.2 Statements **[Doc. 33]**;

    D.    Motion For Rule 12(b)(4)(B) Disclosure **[Doc. 35]**;

    E.    Motion for Bill of Particulars **[Doc. 96]**;

    F.    Motion for Disclosure of Impeaching Information **[Doc. 31]**; and

    G.    Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment **[Doc. 37]**.

## 2. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Defendant O'Dell moved the Court for leave to file further motions [Doc. 38] citing his requests for additional disclosure and a Bill of Particulars. No specific motion is proposed to be late-filed, rather a general extension of the deadline for motions is sought. Should a particularized need for further motions arise, counsel may file a request as it relates to a specific motion to be filed. Defendant's Motion for Leave to File Further Motions **[Doc. 38]** is **DENIED**.

## 3. MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS

Defendant O'Dell asks [Doc. 34] the Court to order the government to turn over the transcripts of testimony given by any person before the grand jury in this case. The defendant contends that transcripts of individuals who testified before the Grand Jury are discoverable pursuant

7

to Federal Rule of Criminal Procedure 16(a)(1)(B) in that transcripts are "documents" under the rule. Mr. O'Dell also contends that grand jury testimony should be disclosed when the government demonstrates no need for secrecy and when testimony is necessary to adequately prepare a defense.

Normally, grand jury proceedings are to remain secret. See Fed. R. Crim. P. 6(e). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). By statute, a defendant may challenge compliance with grand jury procedures if the party files a motion containing "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" the statute. 28 U.S.C. § 1867(d). The present motion does not suggest any irregularities with respect to the grand jury, much less make the requisite statutory showing. Moreover, the Court finds that the defendant is not entitled to pre-trial disclosure under the Jencks Act, 18 U.S.C. § 3500, Thus, defendant O'Dell's Motion For Disclosure of Grand Jury Transcripts **[Doc. 34]** is **DENIED**.

### 4. MOTION FOR NOTICE AND DISCLOSURE OF ANY RULE 404(B) EVIDENCE THE UNITED STATES SEEKS TO INTRODUCE AT TRIAL

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 8] at paragraph I states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. Accordingly, defendant's Motion for Notice and Disclosure of Any Rule

8

404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 36] is **DENIED.**

## 5. MOTION FOR HEARING TO DETERMINE EXISTENCE OF CONSPIRACY

Defendant Timothy Loveday filed Motion for Hearing to Determine Existence of Conspiracy **[Doc. 97]**. The Court notes that Mr. Loveday is set to enter a change of plea before the District Court, pending scheduling, and no other defendants have adopted this motion. Accordingly, this motion **[Doc. 97]** is moot and hereby **DENIED.**

## 6. MOTION TO SEVER

Defendant O'Dell has filed a Motion to Sever Defendant [Doc. 29] and Memorandum in Support [Doc. 30]. Mr. O'Dell asserts that a failure to sever his trial from that of his co-defendants would result in "substantial prejudice" to him and deny him the opportunity to cross-examine witnesses the government is expected to call to testify.

The government argues that these defendants are properly joined in the same indictment under the prosecution's theory that they were collective participants in a drug conspiracy.

Federal Rule of Criminal procedure 8(b) provides that, "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction, or the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Sixth Circuit applies a presumption that co-defendants should and will be tried together. Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Tocco, 200 F. 3d 401, 413 (6th Cir. 2000); United States v. Gibbs, 174 F.3d 762, 788 (6th Cir. 1998), cert. denied, 528 U.S. 1051 (1999). Additionally, no right to severance arises because the evidence against one defendant is "far more

damaging" than the evidence against another defendant. United States v. Causey, 834 F.3d 1277, 1288 (6th Cir. 1987), cert. denied, 486 U.S. 1034 (1988).

While Mr. O'Dell has asserted that important trial rights will be abridged or entirely abrogated if his trial is not severed from his co-defendants, he has failed to make a specific showing as to how this is so. Absent a more specific showing of substantial prejudice, the Court may not sever the defendant O'Dell from the others.

### 7. CONCLUSION

Accordingly, it is **ORDERED**:

> (1) Motion For Bill Of Particulars **[Doc. 27]** is **DENIED** as moot, given the compromise agreement of the parties regarding disclosure of information.
>
> (2) Motion to Sever Defendant **[Doc. 29]** is **DENIED**.
>
> (3) Motion for Disclosure of Impeaching Information **[Doc. 31]** is **DENIED** as moot given the agreement of the government to provide material subject to this motion on or before March 14, 2007.
>
> (4) Motion for Disclosure of Material Witnesses **[Doc. 32]** is **DENIED** as moot given the compromise agreement of the parties.
>
> (5) Motion for Early Production of Jencks / Rule 26.2 Statements **[Doc. 33]** is **DENIED** as moot given the compromise agreement reached by the parties wherein the government shall provide material subject to the Jencks Act on or before March 14, 2007.
>
> (6) Motion For Disclosure of Grand Jury Transcripts **[Doc. 34]** is **DENIED**.
>
> (7) Motion For Rule 12(b)(4)(B) Disclosure **[Doc. 35]** is **DENIED** as moot.

(9) Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial **[Doc. 36]** is **DENIED** as having been previously addressed in this Court's Scheduling and Discovery Order.

(10) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment **[Doc. 37]** is DENIED as moot, given the compromise agreement of the parties wherein the government agrees to disclose material sought in this motion by March 14, 2007.;

(11) Motion For Leave to File Further Motions **[Doc. 38]** is **DENIED**.

(12) Motion to Adopt **[Doc. 84]** is **GRANTED**.

(13) Motion to Exclude Evidence **[Doc. 86]** was **WITHDRAWN**.

(14) Motion to Adopt **[Doc. 95]** is **GRANTED**.

(15) Motion for Bill of Particulars **[Doc. 96]** is **DENIED** as moot, given the compromise agreement of the parties.

(16) Motion for Hearing to Determine Existence of Conspiracy **[Doc. 97]** is **DENIED**.

(17) Motion to Adopt **[Doc. 99]** is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

   S / C. Clifford Shirley Jr.
UNITED STATES MAGISTRATE JUDGE