UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-136 |
| | ) | (Phillips / Shirley) |
| | ) | |
| JAMES O'DELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. In October 2006, James O'Dell was charged in a conspiracy to manufacture and distribute methamphetamine, along with a number of other persons. Mr. O'Dell is represented by Attorney Jonathan Wood, pursuant to appointment by this Court. Mr. O'Dell was conditionally released pending trial, but absconded a short time before the April 2, 2007, trial date. See [Doc. 123]. All other defendants charged with Mr. O'Dell have now seen their cases to conclusion, to include one co-defendant who proceeded to trial in Mr. O'Dell's absence on April 24, 2007. On the first day of that trial, the District Court severed the trial of Mr. O'Dell, pending his apprehension. [Doc. 137]. On January 25, 2008, this matter came before the Court for hearing after James O'Dell was captured.

1

Mr. O'Dell was present with Attorney Wood; the United States was represented by Assistant United States Attorney David Lewen. The United States moved for detention of Mr. O'Dell pending trial. On behalf of Mr. O'Dell, Attorney Wood made an oral motion to waive further proceedings with respect to the issue of his detention pending a new trial date. That motion was granted after the Court expressed the low likelihood of Mr. O'Dell's pretrial release given his flight and extended absconder status.

At the hearing, the parties agreed on a new trial date of March 26, 2008, before the District Court. The Court finds the parties will require a reasonable time to review their respective factual investigations, prepare to present and rebut proof before a jury and refresh trial preparations made some 10 months ago. The Court finds 60 days to be a reasonable time for this to take place and the parties agreed. The Court finds that failure allow this time period to grant a continuance would be likely to make the proceedings impossible in that it would be unlikely that witnesses could be expected to offer testimony on such short notice, even if counsel were prepared to proceed. See 18 U.S.C. § 3161(h)(8)(B)(I). Further, such a hastily prepared trial in such a weighty matter would be likely to result in a miscarriage of justice for either the defendant, the government or both. See 18 U.S.C. § 3161(h)(8)(B)(I).

Attorney Wood and Assistant United States Attorney Lewen stated their belief that all the time between the date of the hearing, and the new date of the trial is excludable from the operation of the Speedy Trial Act.

Accordingly, it is ORDERED:

> 1. The joint oral motion to continue the trial date is **GRANTED.**
>
> 2. The trial of this matter is reset to commence on

**March 26, 2008, at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge.

3. All time between the date of the oral motion, January 8, 2008, and the new trial date, March 18, 2008, is fully excludable from operation of the Speedy Trial Act for the reasons set forth above. See 18 U.S.C. § 3161, et seq.

IT IS SO ORDERED.

      ENTER:


       s/ C. Clifford Shirley, Jr.
      United States Magistrate Judge